IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**MITCHELL TERRELL and**
**LISA TERRELL**                                                                                          **PLAINTIFFS**

**V.**                                                                          **CASE NO. 2:12CV205-NBB-JMV**

**MISSISSIPPI FARM BUREAU CASUALTY**
**INSURANCE COMPANY and**
**JASON A. WELFORD**                                                                                    **DEFENDANTS**

### MEMORANDUM OPINION

Presently before the court is the motion of Plaintiffs Mitchell and Lisa Terrell seeking remand to the Circuit Court of Bolivar County, Mississippi. Upon due consideration of the parties' filings and supporting and opposing authority, the court is ready to rule.

**Factual and Procedural Background**

On March 24, 2011, Plaintiffs Mitchell and Lisa Terrell entered into a contract to purchase real property inside the Mississippi River levees in Bolivar County, Mississippi. In late April 2011, Plaintiffs determined that the property would probably sustain flood damage since the Mississippi River had been rising and forecasts indicated extensive flooding.

Plaintiffs sought guidance on a flood insurance policy from Jason Welford, a Farm Bureau insurance agent with whom Plaintiffs had a previous professional relationship. Welford advised the Terrells that the cabin on the property and its contents would be covered under the flood policy if they closed the purchase of the property prior to the actual flooding. The Terrells closed on the property on May 4, 2011, purchased the policy of insurance offered by Defendants, and delivered the premium payment to Welford. The cabin was not flooded at the time of

closing and Welford assured the Terrells that any future flood damage would be covered under the policy.

Within days, flood waters overcame the Terrells' property and rendered the cabin and its contents a complete loss. The Terrells made a claim for flood damage. On September 7, 2011, Farm Bureau sent the Terrells a letter denying their claim.

The Terrells filed the instant action in state court alleging a claim of misrepresentation that the flood coverage was immediately available and a failure to explain policy coverage. In the complaint, the Terrells disclaim any further attempt to recover under the flood insurance policy. Defendants posit that Plaintiffs' claims involve questions of federal law. Defendants timely removed the case to this court and Plaintiffs now seek remand.

**Standard of Review**

This court has jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2000). To determine whether a case "arises under" federal law, this court must look to the "face of the plaintiff's properly pleaded complaint" to determine if there is "some substantial, disputed question of federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (citing *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 12 (1983)). "There is no federal [question] jurisdiction if the plaintiff properly pleads only a state law cause of action." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). "To support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action." *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001) (citing *Carpenter*, 44 F.3d at 366).

The burden of establishing federal jurisdiction rests on the party seeking a federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Fifth Circuit has held that removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *see also Shamrock Oil and Gas Corporation v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed 1214 (1941).

**Discussion**

"The National Flood Insurance Act (NFIA) grants federal courts original jurisdiction over lawsuits against the Director of FEMA for denials of claims made by insured individuals under their Standard Flood Insurance Policy ("SFIP"). *Landry v. State Farm Fire & Cas. Co.*, 428 F.Supp.2d 531, 532-33 (E.D. La. 2006) (citing 42 U.S.C. § 4072). The Fifth Circuit has held that "Section 4072 applies to lawsuits against private insurers who issue SFIPs under the Write Your Own ("WYO") program." *Id*. (citing *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir. 2005)).

Plaintiffs' complaint pleads a state law tort claim against Farm Bureau, a WYO insurer, and Farm Bureau's agent. Defendants argue that Plaintiffs' misrepresentation claim is preempted by federal law. "Federal law preempts 'state law tort claims arising from *claims handling* by a WYO.'" *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009) (quoting *Wright v. Allstate Ins Co.*, 415 F.3d 384, 390 (5th Cir. 2005)). However, "federal law . . . does not preclude a procurement-based suit that asserts a state-law cause of action for . . . allegedly negligent misrepresentations."[1] *Id*. at 758. Thus, the court's federal jurisdiction inquiry turns on

---

[1] Defendants surmise that since the Fifth Circuit ruled in *Campo v. Allstate Ins. Co.*, 440 F.App'x 298 (5th Cir. 2011) ("*Campo II*"), without discussing jurisdiction, the court "must be presumed to have decided that it did indeed have jurisdiction over those state law based NFIP

whether Plaintiffs' claims are related to claims handling by the insurer or to procurement of the policy.[2]

Plaintiffs' complaint specifically alleges that Welford misrepresented the coverage of the flood policy during procurement. Plaintiffs state that they relied on Welford and Farm Bureau's representation of coverage in purchasing the property and flood policy. Nothing in Plaintiffs' complaint suggests that they attempt to recover based on the claims handling of the SFIP by Defendants. Notably, Plaintiffs seek only damages for mispresentations, and not for past paid premiums under the policy. Based on these reasons, the court finds that Plaintiffs' complaint pleads claims under state law related to procurement such that they are not preempted by federal law.

## Conclusion

For the foregoing reasons, the court finds that the motion to remand should be and the same is hereby granted. A separate order in accord with this opinion will issue this day.

This, the 24th day of September, 2013.

        /s/ Neal Biggers
        **NEAL B. BIGGERS, JR.**
        **UNITED STATES DISTRICT JUDGE**

---

procurement disputes." Def.'s Resp., at 4. However, Defendants overlook that jurisdiction in *Campo II* was based on the diversity statute. Defendants do not argue that diversity is present among the parties in the instant action. Regardless, the court finds that diversity jurisdiction does not exist and Defendants' reliance on the ruling in *Campo II* is misplaced.

[2] Defendants direct the court to the persuasive authority of *Remund v. State Farm Fire & Cas. Co.*, 483 F.App'x 403 (10th Cir. 2012). In ruling that Plaintiff's state law claims against an agent of a WYO program flood insurer were preempted, the Tenth Circuit rejected the Fifth Circuit's holding in *Campo*. *Id.* at 409 n.3. The United States Supreme Court has not resolved this apparent circuit split, and this court will follow the laws of the circuit in which it sits.